UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1
Eastern Division

Larry Oruta
                Plaintiff,

v.                                           Case No.: 1:17–cv–01165
                                                Honorable John Robert Blakey

Bromatusa, et al.
                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 21, 2017:

      MINUTE entry before the Honorable John Robert Blakey: Before the Court is Plaintiff's pro se complaint [1], his application for leave to proceed in forma pauperis [3], and his motion for attorney representation [4]. The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed in forma pauperis, the Court must make two determinations: first, the Court must determine that the litigant is unable to pay the $400 filing fee; and, second, the Court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(a), (e). The first determination is made through a review of the litigants assets as stated in an affidavit submitted to the Court. The second is made by looking to the plaintiff's allegations. An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. Neitzke, 490 U.S. at 324; Denton v. Hernandez, 504 U.S. 25, 31 (1992). Plaintiff's application for leave to proceed in forma pauperis demonstrates that Plaintiff has no income, assets, or resources, and that he is unable to pay the filing fee. His complaint, however, is frivolous and must be dismissed. Although Plaintiff has attempted to bring a claim under 28 U.S.C. § 1983, his allegations do not suggest state action on the part of any of the defendants named in the caption or referenced in the allegations. Nor do Plaintiff's allegations concerning defense counsel implicate state action. See, e.g., Hansen v. Ahlgrimm, 520 F.2d 768, 770 (7th Cir.1985 (privately retained attorneys do not act under color of state law simply because they practice in state courts); Polk County v. Dodson, 454 U.S. 312, 325 (1981) (no state action for appointed counsel performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding). As such his allegations fail to state a claim under the statute. See, e.g., Wilson v. Warren County, Illinois, 830 F.3d 464, 468 (7th Cir. 2016) (to succeed on a § 1983 claim, Plaintiff must prove that (1) defendants deprived them of a right secured by the Constitution or other federal law, and (2) when they did so, they were acting under color of state law) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981); Armato v. Grounds, 766 F.3d 713, 719–20 (7th Cir. 2014)). Plaintiff's allegations against the judge who handled his case (who is not named in the caption) are also frivolous. A judge's judicial actions are immune from suit. See, e.g., Mireles v. Waco, 502 U.S. 9,

1012 (1991) (judges are absolutely immune from suits for money damages); Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006) (state judges immune from suit based on judicial actions). Accordingly, Plaintiff's application for leave to proceed in forma pauperis [3] is denied without prejudice, and his complaint [1] is dismissed. The dismissal is similarly without prejudice, and, to the extent Plaintiff can amend his complaint to allege state action, consistent with his obligations under Federal Rule of Civil Procedure 11, he may submit an amended complaint by 3/13/17. If Plaintiff fails to submit an amended complaint by that date, this case will be dismissed. Plaintiff's motion for attorney representation [4] is denied without prejudice to renewal at a later date, should this case proceed to a point where recruitment of counsel becomes appropriate. Mailed notice(gel, )


**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.